IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | | |
|---|---|---|
| Mary Catherine Holt, | ) | CASE NO. 3: 13-CV-0012 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| VS. | ) | |
| | ) | |
| CAROLYN COLVIN, | ) | |
| ACTING COMMISSIONER | ) | |
| OF SOCIAL SECURITY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This case has been referred to the undersigned U.S. Magistrate Judge, Recall Status, for purposes of Report and Recommendation pursuant to 28 U.S.C. 636(a)(1) on Plaintiff Mary Catherine Holt's (Holt) Complaint (Clerk's No. 1), seeking reversal of the Commissioner's decision denying her application for Supplemental Security Benefits under Title XVI of the Social Security Act, 42 U.S.C. 1381, et seq.

This Court's review of the Commissioner's final decision, including this Report and Recommendation, is done pursuant to 42. U.S.C. 405(g), 1383(c)(3).

# I. PROCEDURAL AND FACTUAL BACKGROUND

Holt protectively filed an application for supplemental security income on May 17, 2012, in which she alleged she became disabled on August 20, 2009. That claim was initially denied and , and was again denied upon reconsideration on November 29, 2012. Following those denials, Holt on December 31, 2012, filed a written request for hearing on her claims. That request was granted and the Administrative Law Judge (ALJ), Robert H. Schwartz conducted a hearing on August 16, 2013. Holt appeared with her lawyer, Burt Watson. At that hearing Holt testified on her own behalf during that hearing, as did the imparrtial vocational expert (VE), Brian Paprocki.

On August 28, 2013, ALJ Schwartz denied Holt's application for supplemental social security income. Thereafter, Holt asked the Appeals Council to review that decision denying her claim. The Appeals Council denied Holt's October 9, 2013 request for review on October 28, 2013. Holt filed her complaint in this Court on December 4, 2013, pursuant to 42 U.S.C. 405(g) and 1383(c)(3).

Holt was born on September 17, 1959; she is currently 55 years old. She has not engaged in substantial gainful activity (SGA) since August 20, 2011, although she has since that date worked taking care of her elderly father on a daily basis in his home, as well as accompanying him on shopping trips outside the home. She has been paid $400 per month for that work, although those activities did not rise to the level of gainful employment.

## II. FINDINGS OF THE COMMISSIONER

The ALJ denied Holt's applications for a period of disability and disability insurance benefits and supplemental social security income on August 28, 2013. That decision was consistent with the initial decision to deny benefits on October 22, 2012, and as a result of the reconsideration on November, 29, 2012.

In response to Holt's written request for hearing, the ALJ conducted a video hearing on August 16, 2013. Holt appeared in Davenport, Iowa, with her attorney Bert Watson at the hearing. The ALJ presided over the hearing from Peoria, Illinois. Also appearing at the hearing was George Paprocki, an impartial vocational expert (VE).

In the decision filed August 28, 2013, the ALJ found, *inter alia,* that:

1. Holt met the insured status requirements of the Social Security Act through December 31, 2016.

2. Holt had not engaged in substantial gainful activity since August 20, 2011, the alleged date of the onset of her disabilities.

3. Holt suffers from severe impairments, including degenerative joint disease of the right shoulder and right knee; lumbar degenerative disc disease, plantar fasciitis, reactive airway disease and obesity. The listed impairments above were found to cause more than minimal limitations upon her ability to work. While Holt claimed other impairments, the ALJ

found that medical evidence presented failed to establish more than minimal work-related limitations.

      4. Holt does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926. The ALJ found, consistent with the forgoing that Holt's claimed back condition does not show required nerve root compression, spinal arachnoidtitis or spinal stenosis. Because Holt was found to retain the ability to ambulate and perform fine and gross movements effectively, her musculoskeletal condition did not satisfy a listed impairment. He also found that her claimed airway disease did not satisfy the Listing of Impairments because she had failed to establish in the record the appropriate pulmonary function results or frequent attacks. Her claims of obesity would be considered in the sequential evaluation at a later stage.

      5. Holt has the residual capacity to perform light work, 20 CFR 404.1567(b) and 416.967(b), but she can never climb ladders, ropes, or scaffolds. He found that she could climb ramps and/or stairs, balance, stoop, kneel, crouch, and/or crawl no more than occasionally. Likewise she would have to avoid concentrated exposure to extreme cold, vibration, hazards, extreme heat, funes, odors, dusts, gases and poor ventilation. She was also found to be able to reach overhead with the right upper extremity no more than occasionally. And she must have the opportunity to alternate between sitting and standing periodically.

The ALJ stated that he considered and accepted all symptoms to the extent they were consistent with the objective medical evidence, and other evidence based on the requirements found in 20 CFR 404.1529 and 416.929, as well as SSRs 96-4p and 96-7p. All opinion evidence was considered within regulatory requirements.

While the ALJ found that Holt's medically determinable impairments could reasonably be expected to cause the alleged symptoms, Holt's statements concerning the intensity, persistence and limiting effects of the symptoms were not entirely credible.

Medical evidence established degenerative joint disease of the right shoulder and knee, lumbar degenerative disc disease, plantar fasciitis, reactive airway disease and obesity. However, her reported symptoms of pain, fatigue and limited motion were credible to the extent that she is limited to a range of light work. In light of that finding, the ALJ further found that the record was not consistent with complete inability to work. It was noted her lumbar spine does not show evidence of either spinal stenosis or disc herniation; she had never been treated for her plantar fasciitis. The ALJ found that the University of Iowa Clinic notes were not consistent with a complete inability to work. Those notes also established, in the opinion of the ALJ, that Holt had clear lungs, with no evidence of cyanosis, clubbing, edema, rhonchi or rales; a failure to establish disability due to reactive airway disease.

The ALJ found the evaluation performed by Dr. Richard Kreiter lacking in support from the medical records for Holt that had been submitted on her behalf. Critically the ALJ noted that Dr. Kreiter failed to make findings based on his clinical examination of Holt that were consistent with his stated conclusions. In that regard, specifically, the ALJ identified the fact that Dr. Kreiter referred to "significant evidence" of plantar fasciitis, even though Holt had acknowledged that she had never sought treatment for that condition. Additionally it was found that even though Holt claimed a work-related "incident" in March, 2011, and was off work as a result, when she returned to work without any restrictions, and eventually lost that job for reasons unrelated to her physical limitations.

Significantly, the ALJ found lack of credibility to support a finding of complete disability. Facts that he relied upon in reaching that conclusion included: no ingestion by Holt of "the strong codeine or morphine-based analgesics usually prescribed for severe and unremitting pain". No hospital or emergency room visits for pain since the date of the alleged onset; no use of an assistive device to ambulate; no referrals to a pain clinic, or recommended use of a TENS unit; reported difficulty in sleeping due to pain, but lack of objective signs of of severe pain in her records regarding abnormal weight loss or muscle atrophy.

The ALJ also found that Holt's daily activities indicate that she can perform work activity. In addition it was noted by the ALJ that Holt has been receiving $400 per month for

taking care of her father, including taking short walks with him. In addition there was evidence that Holt was able to drive to Iowa City, Iowa, a 90-minute trip which required only one stop. Other significant findings made by ALJ, and related to the issue of total disability, were that Holt was able to do her laundry three times each week; she cared for personal needs, fixed meals, cleaned, "did dishes", swept and vacuumed, drove and shopped regularly. Holt's husband reported that she performed those daily activities.

      6. Holt cannot perform any past relevant work as a Certified Nurse Assistant (CNA) because that job required more than light exerrtion.

      7. Holt is 51 years old; her birth date is September 17, 1959. She is defined under 20 CFR 404.1563 and 416.963 as an individual closely approaching advanced age on the alleged date of the onset of her disability.

      8. Holt has at least a high school education and is able to communicate in English.

      9.The ALJ found that transferability of job skills is not material to determination of whether Holt is disabled because the Medical-Vocational Rules support a finding that Holt is "not disabled", regardless of whether she has transferable job skills.

      10. The ALJ determined that there were jobs which exist in significant numbers in the national economy which Holt could perform in light of her age, education, work experience and residual functional capacity.

In arriving at this finding, the ALJ relied upon the testimony of the VE who stated that given the factors established in the record which established that Holt's ability to perform the full range of light work had been impeded by additional limitations, nonetheless she could perform the requirements of representative occupations such as office helper and photocopy machine operator. Those jobs, according to the VE, existed in significant numbers in both the national and regional economy. The VE also testified that these two occupations were only examples of the type of jobs available to a person with the same vocational profile and work restrictions as Holt.

11. The ALJ determined that Holt had not been under a disability as defined in the Social Security Act, from August 20, 2011, through the date of the decision, August 28, 2013. As a result of that finding, Holt was found not eligible to receive either disability insurance benefits or supplemental security income.

### III. STANDARD OF REVIEW

A district court "will affirm the ALJ's findings if supported by substantial evidence on the record as a whole". Perkins v. Astrue, 648 F.3d 892, 897 (8th Cir. 2011) (quoting Medhaug v. Astrue, 578 F.3d 805, 813 (8th Cir. 2009)). "Substantial evidence 'is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion.'" Renstrom v. Astrue, 680 F.3d 1057, 1063 (8th Cir. 2012) (quoting Moore v. Astrue, 572 F.3d 520, 522 (8th Cir. 2009)). A court must look at "evidence that supports and detracts from the ALJ's decision," but "'[i]f, after reviewing the record, the court finds it is

8.

possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" Cuthrell v. Astrue, 702 F.3d 1114, 1116 (8th Cir. 2013) (quoting Perkins, 648 F.3d at 897). "Even if substantial evidence supports a contrary outcome, [a court] may not reverse so long as the Commissioner's decision is also supported by substantial evidence." Randolph v. Barnhart, 386 F.3d 835, 839 (8th Cir. 2004) (citing Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004)).

> A court will not disturb denial of benefits as long as the ALJ's decision falls within the available zone of choices. An ALJ's decision is not outside the zone of choice simply because [the court] might have reached a different conclusion had [it] been the initial finder of fact.

Buckner v. Astrue, 646 F.3d 549, 556 (8th Cir. 2011) (quoting Bradley v. Astrue, 528 F. 3d 1113, 1115 (8th. Cir. 2008)).

The Eighth Circuit Court of Appeals has filed recent decisions, which in part have bearing on the issues present in this case.

In Blackburn v. Colvin, No. 13-2234, ___F.3d___ decided July 31, 2014, the Court stated, *inter alia, that*

> " Substantial evidence is less than a preponderance of the evidence, Teague v.Astrue, 638 F.3d 611, 614 (8th Cir. 2011), but is "such relevant evidence as a reasonable mind would find adequate to support the Commissioner's conclusion," Davis v. Apfel, 239 F.3d 962, 966 (8th Cir. 2001). We may not reverse merely because we would have decided differently, or because substantial evidence supports a contrary out-come.Id.

9.

A treating physician's opinion is given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence. Whitman v.Colvin, __F.3d___, 2014 WL 3896131, decided August 7, 2014, quoting Goff v. Barnhart, 421 F.3d 785, 790 (8th Cir. 2005). In considering how much weight to give a treating physician's opinion, an ALJ must also consider the length of the treatment relationship and the frequency of examinations. Casey v.Astrue, 503 F.3d 687, 692 (8th Cir. 2007).

## IV. DISCUSSION

One of the issues in this case which this magistrate judge finds compelling and substantial is the fact that Holt, following her termination of employment, which was unrelated to the claimed disability, was paid approximately $400 per month to help care for her father. Holt goes for walks with him, assists him with his shopping needs, cooks for him and helps clean his room. These activities were arranged by Iowa Medical Enterprises. (TR.pp. 30-31). The fact that Holt can assist her father with his needs, on a regular, daily basis, is significant.

The significance becomes more illuminated in the context of this case because she is paid by a third party to perform these tasks. This flies in the face of Holt's claims that she is disabled and unable to be employed. While the ALJ found Holt had not engaged in gainful employment since her claimed disability, nonetheless her paid assistance for helping her father has relevance. If Holt was, with great effort, simply visiting with and watching her father on a

daily basis, that would require a different analysis. However, the fact Holt utilized Iowa Medical Enterprises to be paid for the range of duties that she testified to places her physical activities in in a completely different light in the opinion of this magistrate judge.

These conclusions, in this review, are further supported by the ALJ's written decision (Clerk's No.6-2, page 6), and in which he found:

> However, the record is not consistent with complete inability to work. The undersigned considered the claimant's joint problems (degenerative joint disease of the right shoulder and knee, lumbar degenerative disc disease, plantar fasciitis) both singly and in combination. The claimant never treated for her plantar fasciitis. Her lumbar spine does not show evidence of spinal stenosis or disc herniation. University of Iowa Clinic progress notes are not consistent with complete inability to work....
> The evidence also fails to establish disability due to reactive airway disease. University of Iowa Clinic notes show clear lungs, with no evidence of cyanosis, clubbing, edema, rhonchi or rales (Exhibits 4F and 5F).

A full review of the ALJ's decision supports the conclusion that he did evaluate Holt's claims under the regulatory five-step disability analysis. That process requires him to determine:

> (1) whether Holt is currently employed; (2) whether she is severely impaired; (3) whether the impairment is, or is comparable to, a listed impairment; (4) whether Holt can perform her past relevant work; and if not, (5) whether she can perform any other kind of work.

Hacker v. Barnhart, 459 F.3d 934, 936 (8th Cir. 2006); see also 20 C.F.R. 404.1520(a)(4), 416.920(a)(4).

11.

Holt underwent an independent evaluation by Richard L. Kreiter, M.D., on July 10, 2013 (Clerk's No. 6-7, pp. 451-454). Dr. Kreiter identifies a number of medical and/or orthopedic problems affecting Holt, but significantly, he did not find that she was disabled to the point of not being able to be employed.

A review of his "impressions" (p.454), while descriptive and and comprehensive, since they discuss her medical as well as orthopedic issues, do not anywhere suggest or establish disabilities that would preclude Holt from engaging in employment, or being physically active.

This was the only evaluation and examination which Dr. Kreiter performed on Holt, and this magistrate judge must take into account that Dr. Kreiter's evaluation was for this litigation only; the length of the professional relationship and frequency of any treatment program was limited to the one visit. Casey v. Astrue, 503 F.3d at 692.

This magistrate judge, after reviewing the record, the exhibits and the decision does not find that the ALJ's determination that taking into account Holt's age, education, work, experience and residual functional capacity, and that there are jobs existing in significant numbers in the national economy that Holt can perform.

This finding by the ALJ, as set forth above, and in his decision come full circle to the earlier observation and concerns noted by this magistrate judge regarding the "employment" of Holt for remuneration to care for her father, notwithstanding her allegations of total disability.

There is nothing in this record that establishes that the ALJ has failed to to consider all the evidence before him, or that his reliance upon the VE's opinions contained in the record are without factual and legal support.

The record in this case fully supports the decision of the ALJ in this case that the claimant, Mary Catherine Holt has not been under a disability defined in the Social Security Act (**20 CFR 416.920(g)**). The denial of claimant's application for supplemental security income filed on May 17, 2012, and her Title II application for a period of disability and disability insurance benefits also filed on May 17, 2012, were appropriate pursuant to Section 1614(a)(3)(A) of the Social Security Act.

## V. CONCLUSION

The undersigned Magistrate Judge is of the opinion after reviewing the record in this case, the Decision by the Administrative Law Judge Robert H. Schwartz,and the submissions by the parties that the ALJ did in fact properly and appropriately undertake the five-step sequential evaluation process in arriving at his decision. For the reasons stated, and the standard of review the Court must employ, this Magistrate Judge finds that substantial evidence supports the ALJ's conclusion that Mary Catherine Holt is not disabled with in the

meaning of the Act. Accordingly this Magistrate Judge respectfully recommends that the Court affirm the Decision of the ALJ, and that the Clerk of Court be directed to enter judgment for the Defendant and against the Plaintiff.

The parties shall have 30 days from the filing of this Report and Recommendation to file any and all objections, motions or other pleadings directed to this Report and Recommendation in accordance and compliance with the requirements of 28 USC 636(a)(1), and the Local Rules of this Court.

**It is so ordered.**

Dated this 12th day of September, 2014.

_____
THOMAS J. SHIELDS
RECALLED UNITED STATES MAGISTRATE JUDGE